**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

United States of America,

        Plaintiff,

v.

Gary Ridenour, M.D., *et al.*,

        Defendant.

3:19-CR-00043-RCJ-CLB

**Protective Order Governing the Disclosure of Confidential Information**

To expedite the flow of discovery material among the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16 and with the consent of the parties, ORDERED as follows:

1. **Production of Confidential Information that May Be Subject to the Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102-164.534, to 42 U.S.C. § 1306, or to Other Privacy Protections**

The United States may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security Number or other identifying number, including Health Insurance Claim ("HIC") Number) to the defendant(s). The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534 (Health Insurance Portability and Accountability Act or "HIPAA" regulations), to the provisions of 42 U.S.C. § 1306, to other privacy protections, or there may be no waiver by the patient to produce the records. The United States shall produce such documents unredacted to the defendant(s).

Upon producing these documents to the defendant(s), the United States shall designate them as "confidential."

The defendant(s), including defense counsel and respective personnel, may use these documents only for purposes of the litigation. Defense counsel may disclose documents containing a patient's individually identifiable health information for the purposes of the litigation to (1) the patient whose health information is recorded in the documents; and (2) to health care providers identified in the documents as having rendered services or items to the patient. Defense counsel must keep a record of the individuals and entities to which such disclosures are made, including the date of the disclosure.

For purposes of the litigation, defense counsel may also disclose documents to other nonparties only if the nonparties sign the form of acknowledgement attached to this Order. The defendant(s) shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed.

Any individually identifiable health information produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order. To the extent that notes are made that memorialize, in whole or in part, the individually identifiable health information, or to the extent that copies are made for purposes of the litigation, such notes, copies, or reproductions become protected information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

Within 90 days of the final conclusion of this litigation, the defendant(s) shall return the documents designated confidential and all copies, as well as all notes, memoranda,

summaries, or other documents containing information from the designated confidential documents, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

**2. Confidential Information in Open Court**

The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers and other confidential information, make a request to the Court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC Numbers associated with the names of individuals have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

**3. No Waiver**

The failure to designate any materials as provided in paragraph 1 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

/
/
/
/
/
/
/

**4. No Ruling on Discoverability Nor Admissibility**

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

DATED this 21st day of February, 2020.

_____
HONORABLE ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

# ACKNOLWEDGEMENT OF TERMS AND CONDITIONS OF PROTECTIVE ORDER

The undersigned hereby acknowledge and agree to the terms of the Protective Order Governing the Disclosure of Confidential Information in the case of *United States v. Ridenour, et al.*, Case No. 19-cr-0043.

_____
Name of Non-Party

_____
Signature of Non-Party

_____
Date

_____
Attorney for Defendant